UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL KOSTERLITZ,

    Plaintiff,

v.                              Case No:  2:18-cv-482-FtM-29MRM

THE S/V KNOTTA KLU, her
engines, tackle, apparel,
equipment and appurtenances,
in rem and ROBERT E. LIBBEY,
JR.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on the plaintiff's Motion for Judgment on the Pleadings or Alternatively Summary Judgment (Doc. #18) filed on April 9, 2018. Defendant filed a Response (Doc. #27) on May 9, 2018 and Plaintiff filed a Reply to the Response (Doc. #30) on May 19, 2018. For the reasons set forth below, plaintiff's Motion for Judgment on the Pleadings or Alternatively Summary Judgment is denied.

**I.**

The central issue in this case is who owns the Knotta Klu, a 40-foot catamaran. Plaintiff Michael Kosterlitz claims he is the sole owner of the vessel and initiated this action on March 9, 2018. (Doc. #1.) Kosterlitz alleges that he was the registered owner of the Knotta Klu in June 2015 when he and defendant Robert

Libbey, Jr. began negotiating the purchase and sale of the vessel. (Id. ¶ 8, 10.) Because the two men were friends and intended to come to terms on an agreement, Kosterlitz gave possession of the Knotta Klu to Libbey in August of 2015 even though they were still negotiating. (Id. ¶ 11.) Libbey in turn gave possession of his trimaran to Kosterlitz, which Libbey was offering as a trade. (Id. ¶ 10, 12.) According to Kosterlitz, the negotiations continued until January 2018, but were hardly smooth sailing. (Id. ¶ 10.) The men disagreed as to the Knotta Klu's purchase price and the value of Libbey's trimaran. (Id. ¶ 13.) Despite never coming to an agreement, Libbey made approximately $35,000 in payments to Kosterlitz from August 2015 through June 2017, and informed Kosterlitz in October 2017 that he had executed a bill of sale and had legal title to the Knotta Klu. (Id. ¶¶ 15, 18.) Libbey also told Kosterlitz that he would satisfy Kosterlitz' unsecured promissory note for the vessel, which at the time had a balance due in excess of $100,000. (Id. ¶ 18.) After a failed attempted to repossess the Knotta Klu,[1] Kosterlitz initiated this action and

---

[1] Per the complaint, Kosterlitz went to Libbey's Fort Myers residence in December 2017 and began sailing the Knotta Klu north to Kosterlitz' home in Saint Petersburg. (Doc. #1, ¶ 19.) However, Libbey filed a report with the Sherriff of Lee County and Kosterlitz was charged with one count of grand larceny. (Id. ¶¶ 20-22.) The charge was subsequently dropped after the Lee County State Attorney determined there was insufficient evidence to prosecute. (Id. ¶ 22.) The Knotta Klu remains birthed at Libbey's residence. (Id. ¶ 4.)

asserted a petitory and possessory action in admiralty, as well as claims for malicious prosecution, civil theft, conversion, and false arrest. (Id. ¶¶ 24-58.)

Attached to Kosterlitz' Complaint are a "Sells Agreement" for the sale of the Knotta Klu and a State of Florida bill of sale. (Id. pp. 17, 19.) According to Kosterlitz, the documents (which purportedly convey the Knotta Klu from Kosterlitz to Libbey and are signed by Kosterlitz) are "false documents, manufactured by Libbey in an attempt to falsely claim title." (Id. ¶ 32.) The "Sells Agreement" lists the Knotta Klu's sale price as $10,000, while the bill of sale lists the selling price as "TRADE FOR F27 TRIMARAN." (Id. pp. 17, 19.)

In response to Kosterlitz' Complaint, Libbey filed an Answer and Counter-Complaint which presents a different version of events. (Doc. #15.) Libbey claims that he is the true owner of the Knotta Klu because he and Kosterlitz entered into an agreement for the vessel in August 2015. (Id. pp. 7-9.) Libbey alleges that the agreement conveyed ownership of the Knotta Klu from Kosterlitz to Libbey in exchange for (1) Libbey assuming the monthly payment of an unsecured note owed to non-party Ned Christensen, (2) Libbey conveying possession and title of his trimaran to Kosterlitz, and (3) Libbey assuming the balloon payment of the Christensen note when it became due. (Id. p. 7.) Accordingly, Kosterlitz took possession and control of the

3

trimaran, Libbey entered into an agreement with Christensen "to assume the monthly debt and the balloon payment due on the unsecured note to complete the purchase of the subject vessel free and clear of any claim," and Libby made an initial $5,000 payment to Kosterlitz. (Id. pp. 7-8.) Libbey claims he has paid nearly $41,000 to or on behalf of Kosterlitz and has otherwise complied with the terms of the agreement. (Id. p. 8.) Based on these allegations, Libbey asserts a petitory and possessory action, as well as counterclaims for conversion and unjust enrichment. (Id. pp. 8-11.) He also raises two affirmative defenses based on Kosterlitz conveying title of the Knotta Klu and accepting Libbey's cash, the trimaran, and assumption of the promissory note. (Id. p. 5.)

Attached to Libbey's Answer and Counterclaim are (1) the State of Florida bill of sale, (2) an unsigned promissory note between Libbey and Christensen dated December 1, 2017 and purporting to replace the prior promissory note between Kosterlitz and Christensen, and (3) a State of Florida certificate of title dated September 21, 2017 and listing Libbey as the registered owner of the Knotta Klu. (Id. pp. 13-15.)

Kosterlitz filed an Answer to Libbey's Counter-Complaint, denying many of Libbey's factual allegations. (Doc. #17, ¶¶ 1-34.) Kosterlitz also asserts several affirmative defenses based

4

on fraud, estoppel, lack of contract, and breach of contract. (Id. ¶¶ 35-40.)

On April 9, 2018, Kosterlitz filed his Motion for Judgment on the Pleadings or Alternatively Summary Judgment seeking judgment as to both petitory and possessory actions (Count One of the Complaint and Count One of the Counter-Complaint) and Libbey's conversion claim (Count Two of the Counter-Complaint). (Doc. #18, p. 1.) Based on the verified pleadings, Kosterlitz claims he "is entitled to judgment on the pleadings on the issue of the right to ownership and possession of the sailing vessel Knotta Klu." (Id.)

**II.**

**A. Judgment on the Pleadings Legal Standard**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted). When reviewing a motion for judgment on the pleadings, the court must view the facts in a light most favorable to the nonmoving party. Id. at 1370. A judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts which would allow it

5

to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citations omitted).

**B. Summary Judgment Legal Standard**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson, 357 F.3d at 1260 (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the nonmoving party. Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting

Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1315 (11th Cir. 2007).

## III.

As noted, Kosterlitz claims he is entitled to judgment on the pleadings as to the petitory and possessory claims, as well as Libbey's conversion claim. Both a petitory and a possessory action require an assertion of a legal title to the vessel, Gulf Coast Shell & Aggregate LP v. Newlin, 623 F.3d 235, 239 (5th Cir. 2010), while a conversion requires an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein, Joe Hand Promotions, Inc. v. Creative Entm't, LLC, 978 F. Supp. 2d 1236, 1241 (M.D. Fla. 2013). Kosterlitz asserts his right to title and possession of the Knotta Klu because (1) Libbey's certificate of title from the State of Florida is of no legal validity and (2) Libbey's affirmative pleadings establish that no legally enforceable contract was entered. (Doc. #18, pp. 4-9.)

### A. State of Florida Certificate of Title

Kosterlitz' Complaint alleged that the Knotta Klu "was and still is" a United States Documented Vessel and, prior to June 2015, Kosterlitz was the registered owner in the United States

Department of Homeland Security, United States Coast Guard, and National Vessel Documentation Center. (Doc. #1, ¶¶ 2, 7-8.) In his Answer, Libbey admitted these allegations but denied that the Knotta Klu "is documented." (Doc. #15, p. 1.) In his Counter-Complaint in admiralty, Libbey claimed the Knotta Klu is subject to a State of Florida certificate of title, which was attached to the pleading. (Id. pp. 6, 15.)

In his motion, Kosterlitz challenges the legal validity of Libbey's State of Florida certificate of title. (Doc. #18, pp. 4-6.) Section 328.01, Florida Statutes, provides the process by which a vessel owner applies for a certificate of title. If the vessel was previously registered with the federal government, additional steps are required:

> (f) In making application for the titling of a vessel previously documented by the Federal Government, the current owner shall establish proof of ownership by submitting with the application a copy of the canceled documentation papers or a properly executed release-from-documentation certificate provided by the United States Coast Guard. In the event such documentation papers or certification are in the name of a person other than the current owner, the current owner shall provide the original copy of all subsequently executed bills of sale applicable to the vessel.

§ 328.01(f), Fla. Stat. The Code of Federal Regulations provides that a certificate of documentation becomes invalid when the ownership of a vessel changes. 46 C.F.R. § 67.167(b)(1). When

that occurs, the owner must send or deliver the certificate to the National Vessel Documentation Center. Id. § 67.167(a).

Kosterlitz asserts that the Knotta Klu is a federally registered vessel and only he "can delete the vessel from documentation." (Doc. #18, p. 6.) He argues that because he has not deleted the vessel from federal registration, the State of Florida certificate of title Libbey has obtained is fraudulent and "of no legal validity." (Id.) The Court finds this argument is insufficient to demonstrate an entitlement to judgment on the pleadings. Libbey's pleadings assert that he is the true owner of the Knotta Klu, that the vessel is not federally documented, and that he has obtained a certificate of title from the State of Florida. As section 328.01(f) would have required proof that the federal documentation had been cancelled, the Court can infer Libbey obtained such proof in order to obtain the State of Florida certificate of title. See Garner v. Ford Motor Co., 2015 WL 12841007, *2 (M.D. Fla. Mar. 9, 2015) (noting that in deciding a Rule 12(c) motion, the court draws all inferences in favor of the nonmoving party). Therefore, despite Kosterlitz' argument otherwise, the pleadings do not demonstrate Libbey's certificate of title is legally invalid.

Even if the Court did not infer Libbey obtained proof of cancellation of the federal registration, Libbey has now presented such proof. See Fed. R. Civ. P. 12(d) ("If, on a motion under

9

Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); Szabo v. Fed. Ins. Co., 2011 WL 3875421, *3 (M.D. Fla. Aug. 31, 2011) ("The Court has broad discretion to choose whether to covert the motion for judgment on the pleadings to a motion for summary judgment under Rule 56."). In his response to Kosterlitz' motion, Libbey states that a certificate of deletion was in fact submitted with the application for Florida title. (Doc. #27, ¶ 5.) Attached to the response is (1) Libbey's affidavit stating he was required to show "evidence of deletion of documentation" in order to obtain the Florida title and received such evidence on or about September 21, 2017, and (2) a letter dated July 20, 2017 from the United States Coast Guard National Vessel Documentation Center indicating the Knotta Klu's documentation was deleted on December 2, 2016. (Doc. #27-1, pp. 10, 14.) The letter lists the last owner of record as Kosterlitz and the reason for deletion as a failure to renew. (Id. p. 14.) These documents would be sufficient to create a genuine issue of material fact regarding Libbey's title, and therefore require denying Kosterlitz' motion.[2]

---

[2] In response to the documents Libbey submitted, Kosterlitz argues, *inter alia*, that the fact that Libbey obtained deletion documentation from the U.S. Coast Guard and a Florida title is irrelevant to the issue of whether the men had an enforceable contract. (Doc. #30, p. 5.) Even if the Court agreed, the documents would still be relevant (and contradictory) to

**B. Libbey's Affirmative Pleadings**

Kosterlitz also argues he is entitled to judgment because Libbey's pleadings "establish that the communications between the parties were nothing other than a legally unenforceable agreement to agree." (Doc. #18, p. 6.) Kosterlitz argues that Libbey's pleadings are silent as to key elements of the sale, such as the purchase price and the trimaran's trade value, and inconsistent with the documents attached to Libbey's Answer and Counter-Complaint.[3] (Id. pp. 6-9.) Each of these arguments will be addressed in turn.

**1) Sufficiency of the Pleadings**

Kosterlitz argues that because Libbey's Answer and Counter-Complaint do not state the Knotta Klu's purchase price or the trimaran's actual trade value, the pleadings establish no enforceable contract was entered. (Id. p. 6.) Viewing the facts in a light most favorable to Libbey, the Court disagrees. Libbey's pleadings allege that he and Kosterlitz entered into an agreement

---

Kosterlitz' claim that the State of Florida certificate of title is not legally valid because the Knotta Klu was never deleted from federal registration. (Doc. #18, p. 6.)

[3] Kosterlitz also argues that the promissory note Libbey attached to his Answer and Counter-Complaint is unenforceable because it is unexecuted and violates Florida's Statute of Frauds. (Doc. #18, p. 7.) However, whether the promissory note between Libbey and Christensen is valid is separate from whether Kosterlitz and Libbey entered into an agreement to convey ownership and possession of the Knotta Klu.

11

in August 2015 for the purchase and sale of the Knotta Klu. (Doc. #15, p. 7.) Pursuant to that agreement, Libbey gave Kosterlitz the trimaran and assumed the monthly payment and balloon payment of the Christensen note. (Id.) Libbey also made an initial payment to Kosterlitz of $5,000 and has paid nearly $41,000 to or on behalf of Kosterlitz. (Id. p. 8.) While Libbey's pleadings do not state the Knotta Klu's purchase price or the trimaran's trade value, Libbey has made sufficient factual allegations to create a disputed issue as to whether a contract was formed. See Barbara Berry, S.A. de C.V. v. Ken M. Spooner Farms, Inc., 254 Fed. App'x 646, 647 (9th Cir. 2007) ("[T]here exist genuine issues of material fact as to when a contract was formed between Barbara Berry and Spooner Farms, what terms were included in the contract, and whether those terms were later varied."); Scholar Intelligent Sols., Inc. v. N.J. Eye Ctr., P.A., 2016 WL 5745112, *3 (D.N.J. Sept. 30, 2016) ("Here, there are genuine issues of material fact as to whether a contract was entered into, and if so, what the terms of that contract were.") As this issue is material to determining who owns the Knotta Klu, judgment on the pleadings is inappropriate.

**2) Inconsistencies between Pleadings and Exhibits**

Kosterlitz also argues that Libbey's pleadings are inconsistent with the exhibits he has attached. (Doc. #18, p. 6-7.) For example, attached to Libbey's Answer and Counter-Complaint

12

is a State of Florida bill of sale listing the selling price for the Knotta Klu only as "TRADE FOR F27 TRIMARAN." (Doc. #15, p. 13.) As noted above, Libbey states in his Answer and Counter-Complaint that in addition to trading the trimaran, he also agreed to assume the monthly payment and balloon payment of the Christensen note. (Id. p. 7.) Even if the Court considered this to be an inconsistency, Kosterlitz would nonetheless not be entitled to a judgment on the issue of ownership and possession of the Knotta Klu. Regardless of whether Libbey failed to accurately report the selling price of the Knotta Klu to the State of Florida, the bill of sale, which is purportedly signed by Kosterlitz, supports Libbey's allegation that the two men entered into an agreement to transfer ownership of the vessel.[4] Because the Court cannot say there is no set of facts which would allow Libbey to prevail, Palmer, 404 F.3d at 1303, Kosterlitz has not demonstrated he is entitled to judgment as a matter of law.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Judgment on the Pleadings or Alternatively Summary Judgment (Doc. #18) is **DENIED**.

---

[4] Kosterlitz' claim that the document is fraudulent only further demonstrates there are material facts in dispute.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of November, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record