UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL KOSTERLITZ,

      Plaintiff,

v.                    Case No: 2:18-cv-482-FtM-29MRM

THE S/V KNOTTA KLU, her
engines, tackle, apparel,
equipment and appurtenances,
in rem and ROBERT E. LIBBEY,
JR.,

      Defendants.

---

## OPINION AND ORDER

    This matter comes before the Court on the plaintiff's Motion for Partial Summary Judgment (Doc. #75) filed on December 3, 2018. Defendant filed a Response (Doc. #77) on December 21, 2018, and plaintiff filed a Reply to the Response (Doc. #81) on January 4, 2019.

    The central issue in this case is who owns the Knotta Klu, a 40-foot catamaran. After a failed attempt to repossess the vessel from defendant Robert Libbey, Jr., plaintiff Michael Kosterlitz initiated this action on March 9, 2018, by asserting a petitory and possessory claim in admiralty, as well as claims for malicious prosecution, civil theft, conversion, and false arrest. (Doc. #1, pp. 7-14.) In response, Libbey filed a countercomplaint asserting his own petitory and possessory action, as well as raising claims

of conversion and unjust enrichment. (Doc. #15, pp. 8-11.) Kosterlitz now moves for summary judgment on his malicious prosecution, civil theft, and false arrest claims, as well as Libbey's affirmative defenses. (Doc. #75.) For the reasons that follow, the motion is denied and the affirmative defenses are stricken.

## I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson, 357 F.3d at 1260 (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the nonmoving party. Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir.

2010).  Further, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment."  St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."  Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

### A. Factual History[1]

Kosterlitz purchased the Knotta Klu in 2012.  (Doc. #77-2, pp. 17-18.)  To do so, he borrowed $125,000 from non-party Ned Christensen, executing a promissory note on Christensen's behalf. (Doc. #77-1, pp. 11-15.)  The note, which was signed by Kosterlitz in October 2012, contained a balloon payment at the end of five years.  (Id. p. 15.)

---

[1] Many of the material facts in this case are in dispute.  The factual history outlined herein contains either the few undisputed facts, or the facts read in the light most favorable to Libbey as the nonmoving party.  However, facts accepted at the summary judgment stage of the proceedings may not be the "actual" facts of the case.  See Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 925 n.3 (11th Cir. 2000).

In 2015, Kosterlitz and Libbey, who were friends, began negotiating for the sale of the Knotta Klu. (Doc. #1, ¶¶ 10-11; Doc. #15, ¶¶ 10-11.) In August 2015, Kosterlitz signed a State of Florida "Notice of Sale and/or Bill of Sale for a Motor Vehicle, Mobile Home, Off-Highway Vehicle or Vessel" form. (Doc. #15, pp. 13; Doc. #30-1, pp. 12-13.) The form lists Kosterlitz as the seller, Libbey as the buyer, and the selling price of the Knotta Klu as "TRADE FOR F27 TRIMARAN."[2] (Doc. #15, p. 13.) Around this time the parties also entered into a "Sells Agreement," conveying the Knotta Klu, it's equipment, and its motor from Kosterlitz to Libbey for $17,500.[3] (Doc. #77-3, p. 41.) The agreement contains the signatures of both Kosterlitz and Libbey but is not notarized. (Id.) Libbey also gave possession of his trimaran to Kosterlitz

---

[2] The record contains two versions of this form. The first version, which was provided with the complaint, is undated and unsigned by Libbey. (Doc. #1-3, p. 19.) The second version, obtained by Kosterlitz from the State of Florida during discovery, is signed by Libbey and dated August 14, 2015. (Doc. #75-1, p. 42.) Kosterlitz argues this proves Libbey forged the document, (Doc. #75, p. 19), while Libbey states the unsigned version was simply a previous version before it was submitted to the State of Florida, (Doc. #27-1, p. 9.)

[3] The agreement is dated August 14, 2015, (Doc. #77-3, p. 41), but Libbey states the agreement was actually entered into in either October or November of that year, (Doc. #75-6, pp. 368-69.) Per Libbey, the parties backdated the agreement to the date they had come to an oral agreement, which was the same date Libbey had provided an initial $5,000 payment. (Doc. #75-6, p. 369.)

and began making payments either to or on behalf of Kosterlitz.[4] (Doc. #1, ¶¶ 11, 12, 15; Doc. #15, ¶ 12, p. 8.) The Knotta Klu was moved from Kosterlitz' home in Pinellas County to Libbey's home in Fort Myers. (Doc. #77-2, pp. 28-30.)

In 2017, Libbey hired Jan Painter, an employee with All Yacht Registries, Inc. (Doc. #75-5, pp. 302, 304.) Painter informed Libbey that the vessel could not be registered with the United States Coast Guard because Kosterlitz' signature on the Sells Agreement was not notarized. (Id. p. 314-15.) Painter submitted a request for deletion from the Coast Guard registration regarding the Knotta Klu, relying on the Sells Agreement to show that Libbey was the legal owner of the vessel. (Id. pp. 319-20.) The Coast Guard notified Painter that the vessel was deleted from documentation in December 2016 due to a failure to renew. (Id. p. 325; Doc. #27-1, p. 14.) The last owner of record was Kosterlitz and the last certificate of documentation was issued in 2014. (Doc. #27-1, p. 14.) Painter informed Libbey that he could use the State of Florida bill of sale and the Coast Guard evidence of

---

[4] Per Libbey, giving Kosterlitz possession of the trimaran and assuming the obligations of the Christensen promissory note were part of the agreement for the Knotta Klu. (Doc. #15, pp. 7-8.) While Kosterlitz disputes that the two men ever came to an agreement, he acknowledges Libbey made approximately $35,000 to him in payments. (Doc. #1, ¶ 15.) Libbey states the amount was closer to $41,000. (Doc. #15, p. 5, 8.)

deletion to register the vessel in Florida.[5] (Doc. #75-5, pp. 315, 331, 339.)

In September 2017, Libbey applied for a State of Florida certificate of title for the Knotta Klu. (Doc. #75-1, p, 38.) The application notes that Libbey acquired the vessel via trade in August 2015. (Id.) Libbey also supplied the evidence of deletion from the Coast Guard, the State of Florida bill of sale listing the selling price as "TRADE FOR F27 TRIMARAN," and a signed affidavit attesting that the Knotta Klu was an "EVEN TRADE" for the trimaran.[6] (Id. pp. 40, 42, 44.) On September 21, 2017, the State of Florida issued a certificate of title to Libbey for the Knotta Klu. (Doc. #15, p. 15.)

On December 26, 2017, Kosterlitz went to Libbey's residence in Fort Myers and removed the vessel. (Doc. #1, ¶ 19; Doc. #15, p. 8.) Libbey contacted the Coast Guard, who in turn contacted the Lee County Sheriff's Office. (Doc. #75-2, p. 119.) Sergeant Tim Galloway of LCSO met with Libbey and took a sworn recorded statement. (Id.; Doc. #77-8, p. 59-82.) Libbey informed Sergeant Galloway that he was the registered owner of the Knotta Klu and

---

[5] At some point, Kosterlitz called Painter and told her he had never signed a bill of sale for the Knotta Klu. (Doc. #75-5, pp. 333-35.) As Painter had a copy of the signed bill of sale, she did not believe him. (Id. pp. 334-35.)

[6] Libbey provided the version of the bill of sale that had his signature and was dated August 14, 2015. (Doc. #75-1, p. 42.)

showed Sergeant Galloway the Sells Agreement. (Doc. #75-2, p. 119; Doc. #77-8, pp. 62, 64.) He also told Sergeant Galloway that all the signatures on the documentation were genuine and Libbey had never forged Kosterlitz' signature. (Doc. #77-8, p. 73.) Sergeant Galloway compared Kosterlitz' signature on the agreement to the signature on his driver's license and believed they matched. (Doc. #75-2, pp. 68, 135.) Libbey informed Sergeant Galloway that he wished to prosecute and signed an affidavit to that effect. (Id. pp. 82, 152.)

The same day it was removed, the Knotta Klu was returned to Libbey's residence, (Doc. #1, ¶ 4; Doc. #15, p. 1), and Kosterlitz was arrested for grand theft, (Doc. #75-2, pp. 83, 127-30.) However, an assistant state attorney for the 20th Judicial Circuit subsequently determined the charge was legally insufficient to prosecute. (Doc. #75-2, p. 116; Doc. #75-4, pp. 254-55.) Since being returned, the Knotta Klu has remained birthed at Libbey's residence. (Doc. #1, ¶ 4.)

**B. Procedural History**

In March 2018, Kosterlitz filed a Verified Complaint asserting a petitory and possessory right to the Knotta Klu, as well as claims against Libbey for malicious prosecution, civil theft, conversion, and false arrest. (Doc. #1, pp. 7-14.) In response, Libbey filed a Verified Countercomplaint asserting his own petitory and possessory right to the vessel, in addition to

raising claims against Kosterlitz for conversion and unjust enrichment. (Doc. #15, pp. 8-11.) Libbey also raised two affirmative defenses based on Kosterlitz conveying title of the Knotta Klu and accepting Libbey's cash, trimaran, and assumption of the promissory note. (Id. p. 5.)

In April 2018, Kosterlitz filed a Motion for Judgment on the Pleadings or Alternatively Summary Judgment as to the two petitory and possessory actions, as well as Libbey's conversion claim. (Doc. #18.) The Court denied the motion after finding there were genuine disputes of material fact as to (1) whether Kosterlitz and Libbey entered into a contractual agreement to convey the Knotta Klu and (2) the validity of Libbey's State of Florida certificate of title for the vessel.[7] (Doc. #74, pp. 10-13.)

On December 3, 2018, Kosterlitz filed the instant motion seeking partial summary judgment. (Doc. #75.) He argues that regardless of whether there are material facts in dispute as to whether he and Libbey had an enforceable contract for the Knotta Klu, Libbey is liable as a matter of law for malicious prosecution, civil theft, and false arrest. (Id. p. 2.) He also argues that he is entitled to summary judgment on Libbey's two affirmative

---

[7] In his Verified Complaint, Kosterlitz asserts that the Sells Agreement and the State of Florida bill of sale are "false documents, manufactured by Libbey in an attempt to falsely claim title." (Doc. #1, ¶ 32.)

defenses.    (Id. pp. 17-20.)    Kosterlitz' arguments will be
addressed in turn.

## III.

### A. Count Two – Malicious Prosecution

Count Two of Kosterlitz' Verified Complaint alleges Libbey
engaged in malicious prosecution.  (Doc. #1, pp. 11-12.)    To
prevail on a claim of malicious prosecution under Florida law, a
plaintiff must establish the following elements:

> (1) an original criminal or civil judicial proceeding
> against the present plaintiff was commenced or
> continued; (2) the present defendant was the legal cause
> of the original proceeding against the present plaintiff
> as the defendant in the original proceeding; (3) the
> termination of the original proceeding constituted a
> bona fide termination of that proceeding in favor of the
> present plaintiff; (4) there was an absence of probable
> cause for the original proceeding; (5) there was malice
> on the part of the present defendant; and (6) the
> plaintiff suffered damage as a result of the original
> proceeding.

Debrincat v. Fischer, 217 So. 3d 68, 70 (Fla. 2017) (citing Alamo
Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994)).

Kosterlitz' motion argues there are no material facts in
dispute and he is therefore entitled to summary judgment on this
claim.  (Doc. #75, pp. 10-12.)    The Court disagrees.  Assuming
without deciding that Kosterlitz has established all the other
elements of the claim, the Court finds there are disputed material
facts precluding a determination regarding the probable cause and
malice elements.

Viewing the evidence in a light must favorable to the non-movant, Kosterlitz signed the Sells Agreement and the State of Florida bill of sale to convey ownership of the Knotta Klu to Libbey.[8]  Libbey provided his trimaran to Kosterlitz and paid a substantial amount of money over the next two years either directly to Kosterlitz or on his behalf.  Libbey used the bill of sale to obtain a certificate of title from the State of Florida, and later relied upon the Sells Agreement to demonstrate ownership when Kosterlitz removed the Knotta Klu from Libbey's residence.  Viewing these facts in Libbey's favor, the Court finds a reasonable trier of fact could find probable cause for the criminal action initiated against Kosterlitz as a result of his attempt to repossess the Knotta Klu.

The Court also finds there is a disputed issue of material fact as to whether Libbey acted with malice.  Kosterlitz argues the malice element is satisfied based on two emails Libbey sent

---

[8] While Kosterlitz claims the Sells Agreement is fraudulent, Libbey testified at a deposition that Kosterlitz was the one who created the document and that he watched Kosterlitz sign it. (Doc. #77-4, p. 42.)  Regarding the bill of sale, Kosterlitz admits that he signed the form and gave it to Libbey, but states it was blank at the time.  (Doc. #30-1, pp. 12-13.)  Kosterlitz said he did so only because Libbey requested to hold proof of authority to operate the Knotta Klu when he moved it from Kosterlitz' home.  (Id. p. 13.)  Kosterlitz suggests Libbey filled in the rest of the information on the form.  (Id.)  Libbey denies that the document is fraudulent and states the form was filled in when he, Kosterlitz, and Kosterlitz' wife were all together. (Doc. #15, p. 3; Doc. #75-6, pp. 360-61.)

after Kosterlitz was arrested. (Doc. #75, pp. 11-12.) However, whether these emails are sufficient to establish malice is a question for the trier of fact. See Gause v. First Bank of Marianna, 457 So. 2d 582, 584 (Fla. 1st DCA 1984) ("Malice becomes a jury question once a lack of probable cause is found."); Azrikan v. O'Brien, 173 So. 2d 711, 713 (Fla. 3d DCA 1965) ("The determination of the existence or lack of malice is within the province of the jury after lack of probable cause has been established. They and they alone are entitled to find whether it existed or not."). Therefore, summary judgment for this claim is inappropriate.

**B. Count Three – Civil Theft**

Count Three of the Verified Complaint alleges Libbey engaged in civil theft under section 772.11, Florida Statutes, by stealing the Knotta Klu. (Doc. #1, pp. 12-13.) Section 772.11 provides:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

§ 772.11(1), Fla. Stat. As such, section 772.11 provides an award of civil damages where a plaintiff establishes, by clear and convincing evidence, he has been injured by a violation of certain provisions of Chapter 812 of the Florida Statutes, which pertain

to theft, robbery, and related crimes. Kosterlitz' Verified Complaint alleges Libbey's theft of the Knotta Klu was a violation of Florida's theft statute, section 812.014(1). Pursuant to that statute:

> A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>
> (a) Deprive the other person of a right to the property or a benefit from the property.
>
> (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

§ 812.014(1), Fla. Stat. Accordingly, Kosterlitz must establish all of these elements by clear and convincing evidence to be entitled to summary judgment on the civil theft claim. See Gersh v. Cofman, 769 So. 2d 407, 409 (Fla. 4th DCA 2000) ("In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent."). Furthermore, where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of "an intricate sophisticated scheme of deceit and theft." McMahan v. Barker, 2008 WL 68595, *7 (M.D. Fla. Jan. 4, 2008) (quoting Gersh, 769 So. 2d at 409).

The crux of Kosterlitz' argument for the civil theft claim is his assertion that Libbey fraudulently obtained a certificate of deletion from the Coast Guard. (Doc. #75, p. 12.) Kosterlitz

argues that because the certificate of deletion was fraudulent, the State of Florida certificate of title Libbey obtained using the certificate of deletion was also fraudulent. (Id.) Accordingly, Kosterlitz asserts that Libbey did not have legal title to the Knotta Klu and used the false title to divest Kosterlitz of possession. (Id. pp. 15-16.)

The Court rejects Kosterlitz' argument for several reasons. First, the evidence in the record indicates that the Knotta Klu was deleted from the Coast Guard's registration due to a failure to renew rather than any fraudulent action by Libbey. The evidence of deletion sent from the Coast Guard to Painter states the vessel was deleted from documentation in December 2016, and the reason for deletion was listed as "COD Expired (Failed to Renew)." (Doc. #27-1, p. 14.) If the evidence of deletion was not fraudulently obtained by Libbey, then he could not have used such evidence to fraudulently obtain the State of Florida certificate of title. Accordingly, Kosterlitz' argument for summary judgment on this claim must be denied.[9]

_____

[9] Kosterlitz argues that pursuant to federal regulations, a vessel is not automatically deleted from registration when an owner fails to renew the documentation, but rather is only "subject to deletion." (Doc. #75, p. 12); see also 46 C.F.R. § 67.171(a)(10) (noting that a certificate of documentation is invalid and a vessel is subject to deletion from registration when, *inter alia*, an owner fails to renew). Nonetheless, the record here indicates the Coast Guard deleted the vessel from registration in December 2016 due to Kosterlitz' failure to renew. Whether that action was appropriate

Furthermore, even if the Court accepted Kosterlitz' argument, summary judgment would still be inappropriate for this claim. As previously noted, to prove a civil theft under section 772.11, Kosterlitz must establish facts sufficient to show by clear and convincing evidence "both the statutory elements of theft and criminal intent." McMahan, 2008 WL 68595, *7. Even if the other elements had been demonstrated, the Court finds that whether Libbey acted with criminal intent is a question for the trier of fact. See Williams v. Obstfeld, 314 F.3d 1270, 1277 (11th Cir. 2002) ("In general, the existence of knowledge or intent is a question of fact for the factfinder, to be determined after trial." (citation omitted); State v. Franchi, 746 So. 2d 1126, 1128 (Fla. 4th DCA 1999) (noting that criminal intent "is generally a jury question that usually cannot be ascertained by direct evidence but only inferred from the acts of the parties and surrounding circumstances"). Therefore, Kosterlitz' request for summary judgment on the civil theft claim is denied. See Baggett v. Clark, 161 So. 3d 491, 493 (Fla. 5th DCA 2014) ("Baggett may not ultimately prevail on this issue, but a question of fact for the

---

is immaterial to Kosterlitz' argument that Libbey fraudulently obtained the deletion.

jury exists with respect to Baggett's intent, which precludes summary judgment.").[10]

**C. Count Five – False Arrest**

Count Five of the Verified Complaint asserts a claim of false arrest. (Doc. #1, pp. 13-14.) Kosterlitz alleges Libbey made a false criminal complaint and, therefore, "personally and actively participated in, and procured, the criminal arrest of Kosterlitz." (Id. p. 14.)

Under Florida law, false arrest is defined as "the unlawful restraint of a person against his will." Ratunuman v. Sanchez, 2010 WL 11602270, *4 (S.D. Fla. May 5, 2010) (quoting Rivers v. Dillars Dep't Store, Inc., 698 So. 2d 1328, 1331 (Fla. 1st DCA 1997)). Those who proximately cause the false arrest, either directly or by indirect procurement, can be held liable. Id. (citing Pokornv v. First Fed. Sav. & Loan Ass'n of Largo, 382 So. 2d 678, 681 (Fla. 1980)). A private citizen may not be held liable

---

[10] There are some instances in which summary judgment is appropriate despite the issue of intent. See Williams, 314 F.3d at 1277 (noting summary judgment is proper, despite the question of knowledge or intent, "if the party opposing summary judgment fails to indicate that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim" (citation omitted)). However, given that the evidence, viewed in a light must favorable to Libbey, suggests Kosterlitz agreed to convey the Knotta Klu, gave up possession of the vessel, and accepted Libbey's trimaran and payments in exchange, the Court finds this case does not present "one of the rare instances in which, despite the question of knowledge or intent, summary judgment is appropriate." Id.

for false arrest "where he neither actually detained nor instigated the other's arrest by law enforcement officers." Id. (quoting Pokornv, 382 So. 2d at 681). Therefore, allegations of instigation are sufficient to hold a private citizen liable for false arrest, and instigation involves "persuading or influencing law enforcement officers to make an arrest." Id. Merely providing information to the police about the commission of a crime or accusing a person of committing a crime in good faith does not qualify as "instigation." Id. (citing Pokornv, 382 So. 2d at 682).

In moving for summary judgment on this claim, Kosterlitz argues Libbey made false representations to Sergeant Galloway to cause Kosterlitz' arrest, and he did so "with the intent of using the arrest to induce Kosterlitz to capitulate to Libbey's false claims of title." (Doc. #75, p. 16.) Regarding the representations, Kosterlitz states that "Libbey falsely told the arresting officer that Libbey had paid $17,500 for the vessel" and "owned the vessel via a state registration." (Id. p. 17.) Kosterlitz also argues Libbey did not have legal title for the Knotta Klu "because the only 'title' he had was obtained through undisputed perjury." (Id.) Accordingly, Kosterlitz argues there was no probable cause for the arrest and Libbey's misrepresentation of ownership makes him liable for false arrest.[11] (Id.)

---

[11] In arguing there was no probable cause for the arrest, Kosterlitz again accuses Libbey of falsifying the ownership

As with the previous claims, the Court finds there are genuine disputes of material fact which preclude granting summary judgment. Kosterlitz' argument is premised upon his assertions that Libbey (1) made false representations to Sergeant Galloway to induce Kosterlitz' arrest and (2) did not have legal title to the Knotta Klu. Regarding the first assertion, Kosterlitz argues Libbey lied when he told Sergeant Galloway he paid $17,500 for the Knotta Klu and owned the vessel. However, the record contains the Sells Agreement, purportedly signed by Kosterlitz and conveying the Knotta Klu to Libbey for $17,500, as well as the State of Florida certificate of title, listing Libbey as the registered owner of the vessel. The parties also agree that Libbey made at least $35,000 in payments to or on behalf of Kosterlitz. This evidence, viewed in a light most favorable to Libbey, contradicts Kosterlitz' argument that Libbey made misrepresentations to Sergeant Galloway.[12]

---

documentation. (Doc. #75, p. 16.) However, the Court has previously determined the validity of the documents is a disputed issue of material fact. (Doc. #74, p. 13, n.4.)

[12] In arguing Libbey's misrepresentations to Sergeant Galloway caused the arrest, Kosterlitz mainly relies on Sergeant Galloway's deposition testimony. (Doc. #75, pp. 3-7, 17.) Sergeant Galloway testified that had he known Libbey used the State of Florida bill of sale (listing the selling price as "TRADE FOR F27 TRIMARAN") to obtain a title rather than the Sells Agreement Libbey had shown him, Sergeant Galloway probably would not have physically arrested Kosterlitz at the time. (Doc. #75-2, pp. 79-80.) Instead, Sergeant Galloway would have requested a warrant from the state attorney's office, allowing the office to further investigate the

Regarding the validity of Libbey's certificate of title, Kosterlitz appears to be arguing that the title was legally invalid because Libbey used the bill of sale (which lists the selling price as "TRADE FOR F27 TRIMARAN") instead of the Sells Agreement (which lists the selling price as $17,500) to obtain the title. According to Kosterlitz, because Libbey obtained the title through perjury, the title is legally invalid. (Doc. #75, pp. 16-17.) However, even assuming Libbey falsified the selling price when he applied for the title, Libbey has supplied sufficient evidence to create a disputed issue of material fact as to whether he had a valid ownership interest in the Knotta Klu. Viewing the evidence in a light most favorable to Libbey, Kosterlitz signed an agreement to convey the Knotta Klu to Libbey, gave possession of the vessel to Libbey, accepted Libbey's trimaran and payments in exchange for the vessel, and signed a bill of sale listing Libbey as the purchaser. As it is undisputed Kosterlitz removed the vessel from Libbey's residence without permission, the Court finds there is a genuine dispute of material fact as to whether Libbey instigated an unlawful arrest of Kosterlitz. See Harder v. Edwards, 174 So. 3d 524, 530 (Fla. 4th DCA 2015) ("To so 'instigate' an arrest, the

---

matter and decide how to proceed. (Id. p. 80.) Viewing the facts in a light most favorable to Libbey, the Court finds this does not prove Libbey lied to Sergeant Galloway, but rather suggests Libbey may have misrepresented the vessel's selling price when he applied for a title.

defendant must have taken an active role in encouraging or procuring the *wrongful* arrest." (emphasis added)); <u>Ratunuman</u>, 2010 WL 11602270 at *4 (noting that a citizen does not instigate an arrest by "accusing a person of committing a crime in good faith"). Therefore, Kosterlitz' request for summary judgment on this claim is denied.

### D. Affirmative Defenses

Kosterlitz' final argument in his motion is that he is entitled to summary judgment on Libbey's affirmative defenses because, *inter alia*, neither is actually an affirmative defense.[13] (Doc. #75, pp. 18-20.) "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." <u>Wright v. Southland Corp.</u>, 187 F.3d 1287, 1303 (11th Cir. 1999). Therefore, "an affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." <u>Galle v. Nationstar Mortg., LLC</u>, 2017 WL 881810, *2 (M.D. Fla. Mar. 6, 2017) (citation omitted). In contrast, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." <u>In re Rawson Food Serv., Inc.</u>, 846 F.2d 1343, 1349 (11th Cir. 1988). "Partial summary judgment may be used to dispose of

---

[13] Libbey's Response fails to address Kosterlitz' arguments.

affirmative defenses." <u>Silcox v. Hunter</u>, 2018 WL 3633251, *13 (M.D. Fla. July 31, 2018) (citation omitted).

As noted previously, Libbey has raised two affirmative defenses based on Kosterlitz (1) conveying title of the Knotta Klu and (2) accepting Libbey's cash, trimaran, and assumption of the promissory note. The Court agrees with Kosterlitz that neither of these defenses qualify as an affirmative defense. Libbey's claim that Kosterlitz conveyed title of the Knotta Klu appears to be a defense to Kosterlitz' possessory and petitory claim, as well as Kosterlitz' claim of civil theft. This defense goes to the issue of Kosterlitz' ownership of the vessel, which the Court considers an argument regarding Kosterlitz' prima facie case. Rather than admitting to the essential facts of these claims, Libbey is denying liability based, at least in part, on Kosterlitz conveying the title. Such a defense is not an affirmative defense. See <u>Silcox</u>, 2018 WL 3633251, *13 (noting that denial of liability defenses are not affirmative defenses). Similarly, the Court finds Libbey's second defense that Kosterlitz accepted Libbey's cash, trimaran, and assumption of the promissory note is not an affirmative defense. Libbey appears to be making such an argument to prove Kosterlitz did in fact agree to convey the Knotta Klu. As with the previous defense, the Court finds this an argument regarding ownership of the vessel and not an affirmative defense to any of

Kosterlitz' claims.  Accordingly, the defense does not qualify as an affirmative defense.

While Kosterlitz seeks summary judgment on Libbey's defenses, the Court will instead strike them as affirmative defenses but allow Libbey to raise them at trial if appropriate.  See Silcox, 2018 WL 3633251, *13 ("Although Plaintiff seeks summary judgment on these 'affirmative defenses' to narrow the issues for trial, Plaintiff is not asking the Court to determine these issues on the merits based on an absence of a genuine issue of material fact. Instead, the Court strikes the denial defenses as affirmative defenses; they are issues that [the defendant] may raise at trial if appropriate.").

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. #75) is **DENIED.**

2. Defendant's first and second affirmative defenses are **STRICKEN.**

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of January, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record