UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL KOSTERLITZ,

    Plaintiff,

v.                      Case No: 2:18-cv-482-FtM-29MRM

THE S/V KNOTTA KLU, her engines, tackle, apparel, equipment and appurtenances, in rem and ROBERT E. LIBBEY, JR.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's January 24, 2019 Motion (Doc. #87) seeking reconsideration of the Court's January 17, 2019 Order (Doc. #84) denying plaintiff's motion for partial summary judgment. Plaintiff's motion indicates defendant opposes the motion, but defendant has failed to file a response in opposition and the time to do so has passed. For the reasons that follow, the motion is denied.

**I.**

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court, Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993), and courts have

delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice," Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted).

## II.

Plaintiff contends that "justice" requires the Court reconsider whether defendant fraudulently obtained a Certificate of Deletion from the United States Coast Guard. Plaintiff argues the Court confused the Coast Guard's deletion of the vessel from federal registration with defendant's alleged act of obtaining a Certificate of Deletion by fraudulently claiming to be the vessel's owner. (Doc. #87, pp. 4-8.) Having reviewed the arguments in the motion, the Court finds no basis for reconsideration. In the Order, the Court found summary judgment on the civil theft, false arrest, and malicious prosecution claims was inappropriate because, *inter alia*, there were questions for the trier of fact regarding the following elements of the various offenses: probable cause, malice, criminal intent, and instigation of unlawful arrest. (Doc. #84, pp. 9-18.) Plaintiff's argument regarding the Certificate of Deletion does not affect that conclusion, and therefore summary judgment would not be appropriate regardless.

Plaintiff also argues the Coast Guard's Certificate of Deletion contained in the record is inadmissible hearsay and the

Court erred in relying on it to find the vessel was deleted from documentation in December 2016. (Doc. #87, pp. 8-9.) The Court disagrees. See Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012) ("[A] district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." (citation omitted)); Fed. R. Evid. 803(8) (providing exception to hearsay rule for public records); United States v. Reyes, 406 Fed. App'x 405, 408 (11th Cir. 2010) (finding district court did not abuse its discretion in admitting Coast Guard report under Rule 803(8)). Therefore, plaintiff's motion for reconsideration is denied.*

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration of Order Denying Motion for Partial Summary Judgment, or in the alternative, Motion to Re-Open Discovery and Continue Trial (Doc. #87) is **DENIED.**

---

* Requested in the motion as an alternative relief, plaintiff moves to continue the non-jury trial and reopen discovery solely for the purpose of deposing an authorized representative of the National Vessel Documentation Center. (Doc. #87, pp. 9-10.) Plaintiff asserts this will "cure the hearsay issues relating to the Certificate of Deletion." (Id. p. 9.) As the information in the Certification of Deletion may not constitute hearsay, the Court will deny the request. However, the denial is without prejudice should plaintiff choose to file a formal motion to continue and explain in further detail why the scheduled trial should be delayed and discovery reopened.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of February, 2019.

```
                              _____
                              JOHN E. STEELE
                              SENIOR UNITED STATES DISTRICT JUDGE
```

Copies:
Counsel of Record